## SUPREME COURT.

THE PEOPLE *ex rel.* JOHN S. DUFFIN agt. ABRAHAM L. EARLE, Auditor, etc.

SAME agt. ANDREW HASWELL GREEN, Comptroller of the County of New York.

Where a laboring man has performed four and a half months of approved labor for the county of New York, and has gone the rounds of circumlocution to have his labor certified to by the officer for whose office the services were rendered, and his bill scrutinized by a committee, and approved, audited and ordered to be paid by the board of supervisors, further technical impediment to its payment should not prevail, especially where the objection is made against the original claim and not against the vouchers thereof.

THE relator was employed by the board of supervisors of the county of New York as a cleaner of county buildings, and assigned to the work of attending the furnaces in and cleaning the offices of the register of deeds of the city and county of New York, and was so employed for four and a half months in the years 1871 and 1872. The board of supervisors, on the 12th day of December, 1872, audited and allowed his claim for compensation in the sum of $180, and directed their comptroller to pay the same from the proper appropriation.

The relator presented his claim to the auditor of accounts and requested his audit, but the auditor, although requested by the relator more than two hundred times, failed to audit, and the comptroller, after demand, refused to pay relator's bill.

People *ex rel.* Duffin agt. Earle.

It was shown that on the 12th day of December, 1872, and at the time motion was made, there was an appropriation applicable to the payment of relator's claim.

FANCHER, *J.*—The relator (a colored man) applied for a mandamus against the comptroller and auditor of the city, to enforce the audit and payment of the relator's bill of $180, as a cleaner of county buildings. His affidavit asserts that on the 15th day of July, 1871, he was employed by the board of supervisors as a cleaner of the county buildings, and that on the 1st of December, 1871, he was assigned to attend the furnaces and fires in and to sweep and clean the office of the register. He entered upon his duties and faithfully performed the same up to the 15th day of April, 1872, a period of four months and a half, during which time his work was done under the supervision of the janitor of the county courthouse.

On the 19th day of September, 1872, his bill was presented to the board of supervisors and referred to the proper committee. On the 10th day of December, 1872, the said board unanimously passed a resolution duly allowing and auditing the bill at the sum of $180, and directing the comptroller to pay the same from the proper appropriation.

There is an unexhausted appropriation for cleaning and county purposes out of which the bill can be paid, but after a proper presentation of the bill since its approval by the supervisors, the auditor refuses to audit it and the comptroller refuses to pay it.

The only excuse offered for the refusal is contained in an affidavit of the auditor, to the effect that, as he is informed and believes, the relator was not employed as a cleaner of county buildings on the 15th of July, 1871, nor at any time prior to the 15th of July, 1872, on which day he was so first employed, as appears by the proceedings of the supervisors, a transcript of which is annexed to the affidavit. But the transcript thus annexed is only a copy of the proceedings of

July 15th, 1872.  They show, it is true, that there was an appointment on that day, by a resolution of the supervisors, of a number of cleaners of the county buildings, and among them the relator, whose names are ordered on the pay-roll of the janitor of the new county court-house; yet because there was a new appointment of certain cleaners on that day, is it any proof that Duffin was not also theretofore appointed.  He swears that he was appointed on the 15th of July, 1871, and rendered the service required under the appointment for the four and a half months above specified.  There is no denial that his bill was approved by the register's indorsement and was properly presented to the supervisors; nor that the supervisors audited and allowed the bill on the 12th of December, 1872, and ordered it paid.  Moreover, it appears that the relator rendered the services specified in the bill for such four months and a half, and that the fact has been certified to by the register by his indorsement of the bill.

I have referred to the printed proceedings of the board of supervisors, and find on page 105 of the proceedings for 1872, the following of December 12th, 1872:

" The committee on county officers, to whom was referred the annexed bill, respectfully report: *That the same is legally incurred*, but in the estimation of your committee the charges are too large,·and are in favor of allowing the claims at the rate of forty dollars per month.  The following·is therefore submitted:

·  " *Resolved*, That the bill of John S. Duffin, for attending fires and · furnaces at the register's office, amounting to $291.66, be audited and allowed at $180 (being four months and a half at $40 per month), and the comptroller directed to pay it from the proper appropriation.

(Signed by five members, being the committee on county officers.)

" Resolution accepted and resolution adopted by the following vote, viz.: " (all the twelve supervisors present).

I think this substantiates the relator's statement that his

People ex rel. Duffin agt. Earle.

bill was audited and allowed by the supervisors at $180 on the 12th of December, 1872, and that the bill was then ordered by the supervisors to be paid. When, as in this case, it is shown that the labor for which the claim is made has actually been performed, the audit and approval of the bill by the supervisors is sufficient to create a county liability. While the vigilance and scrutiny of the comptroller's office are to be commended in resisting numerous improper demands on the city treasury, still, when a working man has performed four and a half months of approved labor for the county, and has gone the rounds of circumlocution to have his labor certified to by the register and his bill scrutinized by a committee, and approved, audited and ordered to be paid by the board of supervisors, further technical impediment to its payment should not prevail.

The motion for a mandamus to the auditor and comptroller is granted.